UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DARLENE HILL**,

        Plaintiff,

  v.

**GEORGE FOX UNIVERSITY**,

        Defendant.

No. 3:15-cv-01148-MO

OPINION AND ORDER

**MOSMAN, J.**,

Defendant George Fox University ("George Fox") filed a Motion for Summary Judgment [17], arguing that it is entitled to summary judgment claims made by Plaintiff Darlene Hill. I held oral argument on February 6, 2017. At the hearing, I GRANTED summary judgment in favor of George Fox on Ms. Hill's claims for negligence, breach of good faith and fair dealing, and violation of the Americans with Disabilities Act. I also asked the parties to provide additional briefing on several questions related to Ms. Hill's remaining two claims for violation of Section 504 of the Rehabilitation Act and breach of contract. This opinion addresses those remaining two claims, and for the reasons stated below, George Fox's Motion for Summary Judgment [17] is GRANTED in part and DENIED in part.

## BACKGROUND

When Ms. Hill was sixteen, she was in a car accident and suffered a traumatic brain injury, leaving her with some cognitive impairments. Despite these impairments, Ms. Hill has endeavored to complete a graduate education. In September 2012, she applied to George Fox's graduate program in Marriage, Couple, and Family Counseling, and she began taking courses in the Spring 2013 term. Before classes began, Ms. Hill claims that George Fox said it would grant her accommodations for her disabilities, including allowing her to record lectures, receiving copies of overhead and lecture notes, receiving help with notetaking, using a computer for exams, receiving extra time for tests, and taking tests in a quiet location. But Ms. Hill claims she was never actually provided any of the accommodations by any professor at George Fox.

In April 2013, Ms. Hill inquired about transferring into George Fox's psychology program. Although the timing is unclear from the record, Ms. Hill was ultimately accepted into the program. However, before and after entering the program, a series of events transpired that Ms. Hill argues show she was being forced out of the program because of her disability. She was required, for example, to take an ad hoc assessment of her reading, speech/fluency, and written expression, even though other students were not given a similar assessment. She also claims the program director contacted other faculty members about her residual memory issues, and asked their opinions about her ability to complete a graduate program and function as a professional. In addition, the program director asked for a Student Progress Review on Ms. Hill, which she asserts was not required for other students.

After several meetings with faculty and after talking with the Dean of Learning Support Services, the program director met with Ms. Hill and suggested that he did not want her to invest time and financial resources in a program that might not work out for her. She claims he

indicated that she would not be able to complete an internship and, therefore, would not be able to graduate from the program. As a result, Ms. Hill left George Fox.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden for a motion for summary judgment is on the moving party to identify the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden shifts to the non-moving party to demonstrate, through the production of evidence listed in Fed. R. Civ. P. 56(c)(1), that there remains a "genuine issue for trial." *Celotex*, 477 U.S. at 324. The non-moving party may not rely upon the pleading allegations. *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995) (citing Fed. R. Civ. P. 56(e)). All reasonable doubts and inferences to be drawn from the facts are to be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

George Fox argues it is entitled to summary judgment on Ms. Hill's claims for violation of Section 504 of the Rehabilitation Act and breach of contract. For the reasons stated below, I DENY summary judgment on both claims, but I limit the scope of each claim.

### I. Section 504 of the Rehabilitation Act

Ms. Hill's second claim alleges George Fox violated Section 504 of the Rehabilitation Act when it deliberately refused to provide her with accommodations. As a result, she claims she suffered emotional distress, embarrassment, humiliation, anxiety, stress, and fear. In addition, she suffered the loss of her graduate education.

3 – OPINION AND ORDER

Section 504 of the Rehabilitation Act prohibits discrimination against disabled individuals who participate in federally funded programs and activities. 29 U.S.C. § 794. To prevail on a Section 504 claim and receive compensatory damages, a plaintiff must prove:

(1) she is disabled under the Act;

(2) she is otherwise qualified to remain in the program with or without accommodation;

(3) she was dismissed from the program solely because of her disability;

(4) the program receives federal funding; and

(5) the program intentionally discriminated against her or acted with deliberate indifference.

*Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (explaining the requirement for proving intentional discrimination or deliberate indifference to receive compensatory damages).

George Fox argues it is entitled to summary judgment on this claim because Ms. Hill cannot establish (1) she was "otherwise qualified" to participate in its graduate program, (2) she was dismissed solely because of her disability, or (3) George Fox intentionally discriminated against her or acted with deliberate indifference. At oral argument, George Fox also argued it is entitled to summary judgment because Ms. Hill cannot show she suffered any damages as a result of allegedly not receiving the approved accommodations.

For the reasons stated below, I find that George Fox is not entitled to summary judgment on Ms. Hill's claim for violation Section 504. However, Ms. Hill's claim is limited to a violation of Section 504 based on George Fox's failure to provide her with accommodations, because that is the legal theory alleged in her First Amended Complaint. Thus, she can pursue damages only based on that legal theory.

### A. *Whether Ms. Hill was Otherwise Qualified*

In a school context, an "otherwise qualified individual" is "an individual who, although disabled, 'meets the academic and technical standards requisite to admission or participation in the [school's] education program or activity.'" *Zukle*, 166 F.3d at 1046. at 1046 (citing 34 C.F.R. § 104.3(k)(3)). A student bears the burden of proving she was "otherwise qualified" to participate in a program. *Id.* at 1047. This includes the burden to produce "evidence of the existence of a reasonable accommodation that would enable her to meet the educational institution's essential eligibility requirements." *Id.* Then, the burden "shifts to the educational institution to produce evidence that the requested accommodation would require a fundamental or substantial modification of its program or standards." *Id.* Separately, the school may show "that the requested accommodations, regardless of whether they are reasonable, would not enable the student to meet its academic standards." *Id.*

Ms. Hill argues that she has met her burden to show she was otherwise qualified under the *Zukle* framework. Specifically, she asserts that her admission into the program is prima facie evidence that she was otherwise qualified to participate. Furthermore, the grades she received in her classes at George Fox and her high undergraduate GPA are additional evidence to show she was otherwise qualified to participate as a student in the program. According to Ms. Hill, this evidence is sufficient to shift the burden to George Fox to show she was not otherwise qualified, or that her requested accommodations were too burdensome.

On the surface, George Fox makes contradictory arguments about whether Ms. Hill was otherwise qualified for its school psychology program. To support the proposition that Ms. Hill was not otherwise qualified, George Fox states that the professors had legitimate concerns about

her ability to complete the program. At the same time, however, George Fox admits that she was admitted into the program and asserts that there is no evidence that she was being considered for dismissal. The upshot of George Fox's position seems to be that, while Ms. Hill was succeeding in her initial graduate coursework—and thus, by definition, was "otherwise qualified" to be in the initial phase of the program—it did not believe that she could successfully complete the program. Specifically, it did not believe she could successfully complete the capstone requirement of the program, which was an internship in an actual counseling position. In George Fox's view, the accommodations that allowed her to succeed in coursework would not be appropriate, nor helpful, in the live counseling setting.[1]

There is some strength to this argument. In my view, in the context of a graduate program, "otherwise qualified" means able to complete the program, with or without accommodations, not just succeed in the initial coursework. In programs that include experiential learning, therefore, the student must be otherwise qualified to complete that portion of the program as well. To hold otherwise would be to risk holding that a nurse who can pass a written exam but cannot see blood without fainting or administer shots to patients, is otherwise qualified to participate in a nursing program. I doubt that would be correct.

But there are two problems with George Fox's position in this case. First, admitting Ms. Hill to the program while aware of her disabilities and a willingness to make accommodations is powerful evidence—particularly at summary judgment—that George Fox thought she could complete the program. Surely it didn't just decide to take her money, knowing she could not cut it as a counselor.

---

[1] George Fox also expressed doubts about Ms. Hill's ability to succeed, post-graduation, in a career in counseling. But this seems to look beyond the mark. If Ms. Hill can successfully complete the requirements of the graduate program, her future success in her career seems too speculative to form a basis for finding her not otherwise qualified.

Second, I must assume at summary judgment that George Fox failed to follow through with its promised accommodations. It is one thing to say that someone is not "otherwise qualified" when, from the outset, you do not believe she can complete the program. It is quite another to claim she is not otherwise qualified *after* you have admitted her, and *after* you have failed to accommodate her. At that point, at least at summary judgment, the concerns start to look more like post hoc rationalizations than ex ante humanitarian concerns.

Ms. Hill's admission to the psychology program and success in her classes at George Fox is sufficient evidence showing that she was otherwise qualified to participate in the program. George Fox has not provided any evidence to show Ms. Hill would not have been able to meet its requirements to continue as a student in the program at the time she was allegedly forced out of the program. For example, there is no evidence she was failing or classes or otherwise on academic probation. Accordingly, I find that Ms. Hill has met her burden of proving she was otherwise qualified to participate in the program for the purposes of summary judgment.

### B. *Whether Ms. Hill was Dismissed Solely Due to Her Disability*

It is undisputed that Ms. Hill was admitted to the school psychology program and that she was never actually dismissed from George Fox. In fact, she admits that she withdrew from the program. George Fox argues that this fact is dispositive; without showing she was actually dismissed from the program, Ms. Hill cannot show that she was dismissed solely because of her disability. Conversely, Ms. Hill borrows from principles of employment law and argues that she was constructively discharged from George Fox because of her disability.

In the employment context, "constructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become 'sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable

employee to remain on the job'." *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000) (citation omitted). In other words, constructive discharge is found where an environment is so intolerable and discriminatory as to justify a reasonable person's decision to leave. *Id.* Showing a continuous pattern of discriminatory treatment may support a constructive discharge claim. *Id.* at 930-31.

Whether conditions are sufficiently egregious to support a constructive discharge theory is usually a jury question. *Id.* at 930. However, such a claim may fail as a matter of law if a plaintiff fails to provide enough facts to show that a reasonable trier of fact could find that conditions were so intolerable that a reasonable person would leave. *Id.*

I agree with Ms. Hill that the doctrine of constructive discharge may be applied in this case to show that she was forced to leave the psychology program. To support a theory of constructive discharge, Ms. Hill must show that the conditions at George Fox were so intolerable and discriminatory that they justified her decision to leave.

Ms. Hill argues that George Fox forced her to leave the graduate program by treating her differently from other students on account of her disability. She notes:

- She was subjected to a Student Progress Review that no other student was given;
- A professor communicated to her that she would not receive an internship, and would thus fail the program;
- She was required to take a basic skills test because of her disability that others were not required to take;
- She was told by a professor not to invest time and finances into the program because it might not work for her due to her disabilities; and

- Professors never actually provided her with reasonable accommodations even though the school agreed to do so.

While George Fox disputes many of these facts, I must take them in the light most favorable to the non-moving party for the purposes of summary judgment. Thus, accepting these facts as true, I find that Ms. Hill has presented facts from which a jury could infer that the environment at George Fox was so intolerable that she was "constructively discharged" or pushed out of the psychology program on account of her disability. Accordingly, George Fox is not entitled to summary judgment on this issue.

### C. *Intentional Discrimination*

Finally, in order to receive compensatory damages under Section 504, Ms. Hill must prove George Fox acted with "discriminatory intent." *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998). Alternatively, Ms. Hill may prove George Fox acted with "deliberate indifference," which requires showing George Fox (1) knew that harm to a federally protected right was substantially likely and (2) failed to act upon that likelihood. *Duvall*, 260 F.3d at 1139. A failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.*

George Fox argues there is no evidence that it intentionally discriminated or was deliberately indifferent towards Ms. Hill's needs. Conversely, Ms. Hill argues George Fox's policy of failing to provide accommodations is evidence of intentional discrimination, and at the very least, acting with deliberate indifference. Furthermore, Ms. Hill claims the ad-hoc assessment she was required to take, which was not given to other students, is evidence of discriminatory treatment. Finally, she argues that the counseling she received where she was

told she would not succeed in the program because of her disability is additional evidence of discriminatory intent.

George Fox's failure and, if true, refusal to provide Ms. Hill with her approved accommodations satisfies the intentional discrimination requirement under Section 504. A jury could determine from that fact alone that George Fox either intentionally discriminated against Ms. Hill based on her disability, or that it was deliberately indifferent to her rights as a disabled student. Even though Ms. Hill's academic performance was not necessarily impacted by her failure to receive her approved accommodations, she has asserted compensatory damages based on a theory of emotional distress. *See Kling Greater L.A. Council on Deafness v. Zolin*, 812 F.2d 1103, 1106-07 (9th Cir. 1987) (citation omitted) ("[P]laintiffs suing under section 504 may pursue the full panoply of remedies, including equitable relief and monetary damages." (citation omitted)). Accordingly, George Fox is not entitled to summary judgment on this issue.

**D.** *Breadth of Ms. Hill's Section 504 Claim*

At oral argument, it became apparent that there was some confusion about whether Ms. Hill's Section 504 claim is based solely on a failure to accommodate theory, or whether it can be read more broadly. It is true that a Section 504 claim can be based on conduct that is much broader than just failing to provide accommodations; the claim can be based on a confluence of discriminatory actions. For example, a wrongful termination may serve as the underlying discriminatory conduct that violates Section 504. *See Roberts v. Progressive Indep., Inc.*, 183 F.3d 1215 (10th Cir. 1999). Thus, in theory, Ms. Hill's claim could be based on the confluence of alleged discriminatory actions by George Fox all leading to her alleged "constructive discharge" from the program.

A Section 504 violation as a result of constructive discharge, however, is not what Ms. Hill alleges in her First Amended Complaint [6]. Paragraph 32 specifically states that the Section 504 claim is grounded in "George fox's deliberate refusal to accommodate [Ms. Hill's] known disabilities," and that she suffered economic and noneconomic damages as a result. Accordingly, Ms. Hill is limited to seeking recovery for a violation of Section 504 based specifically on George Fox's alleged failure to provide her with accommodations because that is the claim for relief she has asserted. Her damages must stem from that injury.

## II. Breach of Contract

Ms. Hill's breach of contract claim is grounded in the assertion that George Fox breached its admission agreements, graduate catalog, and student handbooks. Specifically, Ms. Hill claims George Fox did so by failing to accommodate her disabilities, maintain her privacy, and safeguard Ms. Hill from faculty and professors conspiring to dismiss or otherwise frustrate her, from obtaining her graduate degree.

In order to succeed on a breach of contract claim, a plaintiff must show that the defendant failed to perform "a duty due under a contract." *Kantor v. Boise Cascade Corp.*, 708 P.2d 356, 359 (Or. App. 1985) (en banc). Specifically, the plaintiff must show that (1) a contract existed between her and the defendant, (2) the relevant contract terms; (3) that plaintiff fully performed and did not breach; and (4) that the defendant breached the contract terms resulting in damage to the plaintiff. *Matchniff v. Great Nw. Ins. Co.*, No. 6:15-cv-00193-AA, 2016 WL 742426,1 at *2 (D. Or. Dec. 20, 2016).

George Fox does not contest whether a contract actually existed between it and Ms. Hill. Instead, it argues that the breach of contract claim fails for several other reasons. First, George Fox argues that a breach of contract claim for failing to accommodate Ms. Hill must fail because

she cannot establish a substantive claim under the ADA or Section 504. Second, George Fox argues that there is no evidence that it breached any confidential provisions applicable to her disabilities in contravention of its policy that "[a]ll documentation is treated in a confidential manner and no part of it should be released by Disability Services without the student's informed and written consent." Third, it argues there is no contractual provision requiring George Fox to safeguard Ms. Hill's education.

In responding to George Fox's motion, Ms. Hill extensively argued that a contract existed between her and George Fox. But she did not argue that there was evidence to support her claims that George Fox breached the contract by failing to maintain her privacy and safeguard her from faculty and professors conspiring to dismiss or otherwise frustrate her from obtaining her graduate degree. Ms. Hill superficially makes these arguments in the supplemental briefing that I ordered after oral argument, but this was not a question I raised. Instead, I asked the parties to explain whether a breach of contract claim could exist under the theory that George Fox violated Section 504 if I did not actually find that there was a substantive violation of Section 504 due to a lack of damages. I did not ask the parties to provide additional briefing on other theories for breach of contract. Accordingly, because Ms. Hill failed to show there was a dispute of material fact, or any argument to support a finding that George Fox breached its contract with her by failing to maintain her privacy or safeguard her education, I GRANT summary judgment in favor of George Fox on those theories of breach of contract.

As to Ms. Hill's breach of contract claim under the theory that George Fox failed to provide her with accommodations, I DENY summary judgment. Initially, George Fox argued that it was entitled to summary judgment on this theory because Ms. Hill could not win on the merits of a Section 504 or ADA claim. As to the ADA claim, however, this argument holds little

weight because I dismissed the ADA claim on the grounds that Ms. Hill could not establish standing to seek injunctive relief, not because she failed to show that George Fox violated the ADA. In addition, as explained above, I have denied summary judgment on Ms. Hill's Section 504 claim. Thus, George Fox's argument that the breach of contract claim should fail because Ms. Hill has failed to establish that it violated Section 504 is erroneous.

In its supplemental brief following oral argument, George Fox argues that Ms. Hill should not be able to sidestep the damages limitations of the underlying federal claims by repackaging them as breach of contract claims. In addition, George Fox argues that there is no evidence that its breach of contract resulted in damages, and thus, the claim should fail.

Both of these arguments were raised for the first time by George Fox in its supplemental brief. George Fox did not provide legal authority to support its argument that Ms. Hill should not be able to repackage her substantive federal claims as breach of contract claims. In fact, it is common for an individual to bring multiple legal theories for liability based on the same underlying set of facts. Regarding damages, Ms. Hill alleges that she was damaged by unnecessarily incurring debt, the loss of other educational opportunities, the loss of future income, and the loss of the benefit of the bargain. Instead of arguing that some of these damages are not available to Ms. Hill, George Fox summarily argued that there is no evidence Ms. Hill was damaged at all. Ms. Hill has plausibly shown, however, that George Fox's alleged breach of contract by failing to provide her with accommodations in violation of the ADA and Section 504 resulted in her constructive discharge. Accordingly, it is plausible that she was damaged by the loss of her graduate education and by the tuition she had already paid.

13 – OPINION AND ORDER

## CONCLUSION

George Fox's Motion for Summary Judgment [17] is GRANTED in part and DENIED in part. As I ruled at oral argument, the motion is GRANTED as to Ms. Hill's negligence claim, her good faith and fair dealing claim, and her ADA claim. For the reasons stated in this opinion, George Fox's motion is DENIED as to Ms. Hill's claim for violation of Section 504, but that claim is limited to the failure to provide accommodations. In addition, George Fox's motion is GRANTED in part and DENIED in part on Ms. Hill's first claim for breach of contract. The breach of contract claim is similarly limited to a theory of breach based on George Fox's alleged failure to provide accommodations.

IT IS SO ORDERED.

DATED this __11th__ day of April, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge